UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Chuckie Jones,

                Plaintiff,

-against-

Officer Rivera, Sergeant Shawn Harris, *et al.*,

                Defendants.

No. 13-cv-1042 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Chuckie Jones brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging claims of false arrest and excessive force against Defendants in violation of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. Before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

    The following facts are taken from Plaintiff's Amended Complaint ("AC") unless otherwise noted, and are accepted as true for the purposes of this motion.

    On January 7, 2013, Plaintiff and his girlfriend were engaged in a conversation while standing in the parking lot of the Mount Vernon East train station. (AC ¶ II (D).) The conversation turned into a disagreement about their plans for the day. (*Id.*) As Plaintiff started to walk away from his girlfriend, an officer called out to him, and other officers started to approach him. (*Id.*) In response, Plaintiff placed his hands over his head and knelt down on his knees. (*Id.*) Upon kneeling down, Plaintiff was purportedly struck in the back by Defendant

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/2015

Copies mailed/faxed 12/7/2015
Chambers of Nelson S. Román, U.S.D.J.

Harris multiple times, first with a nightstick or "bullyclub" and then with repeated kicks "for a minute." (*Id.*) Plaintiff then briefly lost consciousness. (*Id.*) Plaintiff was arrested and transported to the Mount Vernon City Jail, where he was placed in a holding cell. (*Id.*)

The next day, while confined in a holding cell, Plaintiff was again purportedly assaulted by police officers. Plaintiff alleges that when he requested to speak with his lawyer, he was punched on the left side of his face and kicked in the back by one or two officers. (*Id.*) Plaintiff does not identify any specific officers responsible for the assault.

As a result of the alleged excessive force, Plaintiff purportedly lost vision in his left eye and now suffers from bad headaches for which he takes medication. (*Id.*, ¶ III.)

Plaintiff was charged with obstructing governmental administration in the second degree, resisting arrest, and disorderly conduct for obstructing traffic. (Affirmation of Lee B. Gorson In Support Of Motion To Dismiss, Ex. C, Docket No. 43.) He ultimately pleaded guilty to obstructing governmental administration in the second degree in full satisfaction of the three crimes charged. (*Id.*)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(b)(6).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Courts evaluating a 12(c) motion must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Rosner v. Bank of China*, 349 F. App'x 637, 638 (2d Cir. 2009) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993)). At the same time, a court must not "make inferences unsupported by the facts alleged in the complaint" and "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rosner*, 349 F. App'x at 638 (internal citations and quotation marks omitted). "Judgment on the pleadings 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Virgin Grp. Holdings Ltd. v. Energy Parametics & Commc'ns, Inc.*, No. 10-cv-08752 (BSJ) (THK), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011) (quoting *Sellers v. M.C. Floor Crafters Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).

To the extent that the non-moving party fails to oppose its opponent's arguments on a motion for judgment on the pleadings, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). "If a complaint is sufficient to

state a claim on which relief can be granted, the [non-moving party's] failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323.

Finally, "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12-cv-6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest.'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally."). "However, even pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise 'a right to relief above the speculative level.'" *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). Dismissal is justified when "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

## DISCUSSION

### I. Consideration of Exhibits Submitted by Defendants on the Instant Motion

As an initial matter, the Court must decide whether it can consider and/or take judicial notice of the police report, Misdemeanor Information, and/or Certificate of Disposition submitted by Defendants as Exhibits A, B, and C to the instant motion. On a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the

complaint by reference." *Simone Dev. Corp.*, 602 F.3d at 64 (internal quotation marks and citation omitted).  Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass*, 987 F.2d at 150.  "[A] plaintiff must '*rel[y]* on the terms and effect of [the] document in drafting the complaint ...; mere notice or possession is not enough.'" *Bejaoui v. City of New York*, No. 13-CV-5667 NGG RML, 2015 WL 1529633, at *5 (E.D.N.Y. Mar. 31, 2015) (citing *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 156 (2d Cir. 2006)) (alterations and emphasis in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect")).

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  "Put another way, facts appropriate for judicial notice must 'meet either [one of the] test[s] of indisputability contained in Rule 201(b): they [should be] common knowledge, [or] ... derived from an unimpeachable source.'" *Alvarez v. Cnty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 398 (S.D.N.Y. 2015) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).  "If a court takes judicial notice of documents pertinent to a motion to dismiss, it need not convert the motion to dismiss into a motion for summary judgment." *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013) (internal citation omitted); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (because "matters judicially noticed by the District Court are not considered matters outside the

pleadings," conversion of a motion to dismiss to a motion for summary judgment is not required).

Neither the police report nor the Misdemeanor Information appear to be integral to the allegations made in the Amended Complaint; nor are the documents incorporated into the Amended Complaint by reference or attached to it. Moreover, Defendants have not explained how the documents contain facts that are of common knowledge or that are derived from an unimpeachable source, which would permit the Court to take judicial notice of them. *See* Fed. R. Evid. 201(b)(2). As this Court has previously noted, in *Alvarez* Judge Karas declined to take judicial notice of a police incident report, citing a number of reasons, including that "caution must be used in determining that a fact is beyond controversy under Rule 201(b), . . . district courts appear to be unsettled on whether judicial notice of materials such as these is appropriate at the motion to dismiss stage, the [] Second Circuit [has not weighed in] on the issue, and Defendants fail[ed] to explain how the source of these documents is unimpeachable." *Alvarez*, 95 F. Supp. 3d at 398. (internal quotation marks and citations omitted). The Court finds no reason to depart from *Alvarez* or its prior decisions, and therefore will not take judicial notice of or consider the extrinsic evidence contained in either document on the instant motion.

The Court will, however, take judicial notice of the Certificate of Disposition evidencing Plaintiff's guilty plea to obstructing governmental administration in the second degree in full satisfaction of the three crimes charged. *United States v. Alexander*, 123 F. App'x 444, 445 (2d Cir. 2005) (taking judicial notice of a certificate of disposition pursuant to Fed. R. Evid. 201); *Marcus v. Bush*, No. 11-CV-4049 JS WDW, 2013 WL 2154786, at *3 (E.D.N.Y. May 17, 2013) (same).

## II.  Personal Involvement

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the direct or personal involvement of each defendant in the alleged constitutional deprivation.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  There is no liability based on a theory of *respondeat superior* or vicarious liability in a Section 1983 action.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Plaintiff alleges personal involvement with respect to only Defendant Harris, asserting that Harris was the officer who used excessive force on Plaintiff during his arrest.  (AC ¶¶ II (D), IV (G).)  Plaintiff does not specifically allege which officer or officers used excessive force on him while he was in the holding cell.  Nor does Plaintiff allege that Officer Rivera, the other named defendant in this action, used excessive force on him at all.

Because Plaintiff has failed to plead any personal involvement on the part of Officer Rivera or any of the John Doe officer defendants, all claims against those defendants are dismissed.[1]

## III.  False Arrest

Although Plaintiff's Amended Complaint focuses primarily on his allegations of excessive force, Plaintiff asserts that he was arrested "for no reason."  (AC ¶ II (D).)  The Court construes this allegation as one of false arrest.

---

[1] This Court issued an order pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), ordering the Corporation Counsel for the City of Mount Vernon to identify the three John Doe officers who arrested Plaintiff. (Docket No. 7.)  Plaintiff subsequently sought to amend his complaint by letter on June 3, 2013, stating that he had identified Sergeant Harris as one of the John Doe officers.  (Docket No. 11.)  It is not clear whether Plaintiff's identification of Sergeant Harris resulted from an investigation conducted by the Corporation Counsel or Plaintiff's own recollection.  Nevertheless, Plaintiff's failure to identify any of the remaining John Doe officers in his Amended Complaint requires their dismissal from this action, though the Court does so without prejudice to Plaintiff renewing his claims should he be able to identify the identities of the remaining John Doe officers.  To the extent that the Corporation Counsel has identified any of the John Doe officers but has not disclosed their identities to the Plaintiff, it should do so immediately.

A claim for false arrest requires proof that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks and citation omitted). The existence of probable cause provides a complete defense to false arrest claims. *See Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999). Further, by pleading guilty to the crimes charged resulting from the purportedly false arrest, or to any lesser-included offenses to resolve all of the crimes charged, a plaintiff concedes as a matter of law that there was probable cause for all charges covered by the plea agreement. *Timmins v. Toto*, 91 F. App'x 165, 166-67 (2d Cir. 2004); *see also Cameron v. Fogarty*, 806 F.2d 380, 387-89 (2d Cir. 1986).

Here, Plaintiff pleaded guilty to obstructing governmental administration in the second degree in full satisfaction of the three crimes charged. Plaintiff's guilty plea conclusively establishes the existence of probable cause for his arrest and therefore provides a complete defense to Plaintiff's claim. Accordingly, Plaintiff's false arrest claim is dismissed.

**IV.    Excessive Force**

Plaintiff alleges two instances of excessive force – the first during his arrest and the second during his confinement in a holding cell after his arrest. Despite the fact that Plaintiff pleaded guilty to one of the three offenses with which he was charged, Plaintiff's claims for excessive force may proceed. *See Bourdon v. Vacco*, 213 F.3d 625 (2d Cir. 2000) (summary order).

    A.    *Excessive Force During Plaintiff's Arrest*

Plaintiff's claim of excessive force during his arrest is reviewed under an "objectively reasonable" standard. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Bowles v. New York*, 37 F. Supp. 2d 608, 612 (S.D.N.Y. 1999). The question for the Court is "whether the officers' actions

are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. Granting "a motion to dismiss an excessive force claim is appropriate if, accepting all of the allegations as true, it is clear that the force used by the officers was objectively reasonable under the circumstances." *Messina v. Mazzeo*, 854 F. Supp. 116, 128-29 (E.D.N.Y. 1994) (citing *Roundtree v. City of New York*, 778 F.Supp. 614 (E.D.N.Y. 1991)).

Accepting Plaintiff's allegations as true for purposes of this motion, the Court cannot conclude that it was objectively reasonable for Defendant Harris to strike Plaintiff with a nightstick and repeatedly kick him after Plaintiff knelt down and placed his hands over his head. (AC ¶ II (D).) Although Defendants argue that that the amount of force used was reasonable in light of the severity of the crime; the immediate threat to the officers, victim, and bystanders; and Plaintiff's purported flight and resistance to arrest, the Court is required to construe the facts at this stage in the light most favorable to Plaintiff. Evidence uncovered during discovery may ultimately prove that Defendant Harris' actions were objectively reasonable, to the extent they occurred as alleged by Plaintiff, but such a determination is best resolved on a motion for summary judgment or at trial. In fact, even *Landy v. Irizarry*, 884 F. Supp. 788 (S.D.N.Y. 1995), the "analogous" case on which Defendants rely, dismissed the plaintiff's excessive force claim on a motion for summary judgment following the Court's review of the evidence, not on a motion to dismiss. *Landy*, 884 F. Supp. at 798-800. Importantly, *Landy* noted that, "[a]s a general matter, the fact intensive inquiry of whether a particular use of force was reasonable is best left for a jury to decide." *Id.* at 797. This Court agrees.

Accordingly, Defendants' motion to dismiss Plaintiff's excessive force claim arising from his arrest is denied.

> B.      *Excessive Force While Confined In The Holding Cell*

Plaintiff's second claim of excessive force allegedly occurred while he was confined in a holding cell after his arrest.  Plaintiff's allegations do not, however, identify the specific officers responsible for using excessive force, by John Doe identifications or otherwise.  Without allegations of personal involvement on the part of specific officers, Plaintiff's claim requires dismissal.  *See Wright*, 21 F.3d at 501.  This dismissal is without prejudice to Plaintiff renewing his claim should he be able to identify the specific officers allegedly involved, either by his own recollection or by providing the Corporation Counsel of the City of Mount Vernon with more specific information to determine the identities of the relevant officers.

**V.     Qualified Immunity**

Defendants assert qualified immunity as a defense to all of Plaintiff's claims.  The only claim that remains, however, is Plaintiff's claim of excessive force arising out of his arrest.  Therefore, the Court will not determine whether the Defendants would have been entitled to qualified immunity on the dismissed claims.

"It is well established that qualified immunity may operate as a defense to excessive force claims." *Mesa v. City of New York*, No. 09 Civ. 10464(JPO), 2013 WL 31002, at *17 (S.D.N.Y. Jan. 3, 2013) (citing *Finnegan v. Fountain*, 915 F.2d 817, 822–23 (2d Cir. 1990)).  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818-19.  It is within

the Court's discretion to determine the order in which the two prongs are analyzed. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

Having already decided that Plaintiff sufficiently alleges a claim of excessive force arising from his arrest, the Court turns to the second prong of the test. "[I]t is beyond dispute that the right to be free from excessive force has long been clearly established." *Read v. Town of Suffern Police Dep't,* No. 10 CIV. 9042 JPO, 2013 WL 3193413, at *7 (S.D.N.Y. June 25, 2013), *appeal dismissed* (Oct. 30, 2013) (quoting *Green v. Montgomery,* 219 F.3d 52, 59 (2d Cir. 2000) (citation omitted)). Thus, because Plaintiff sufficiently alleges a claim of excessive force and because the law is clearly established, Defendants' request for qualified immunity is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED in part and DENIED in part. The Clerk is directed to terminate the motion at ECF No. 42 and to remove Officer Rivera and the John Doe defendants from the caption. The parties are directed to appear at an in-person status conference on February 4, 2016 at 10 a.m., at which time they should provide the Court with a completed Civil Case Discovery Plan and Scheduling Order. Finally, Plaintiff is reminded that it is his obligation to promptly submit a written notification to the Court if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Dated: December 7, 2015
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge