UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHUCKIE JONES,

                Plaintiff,

-against-

SERGEANT SHAWN HARRIS,

                Defendant.

No. 13 Civ. 1042 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Chuckie Jones, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging claims of false arrest and excessive force in violation of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution against the Mount Vernon City Police Department and individual defendants including Sergeant Shawn Harris.[1] Jones has failed to appear at each scheduled pre-trial conference since initiating this suit, starting with the first conference on July 25, 2014.[2] After his sixth failure to appear, Defendant submitted the now-pending motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action. For the reasons set forth below, Defendant's motion is CONDITIONALLY GRANTED.

---

[1] Only the excessive force claim against Defendant Harris survived Defendants' motion for judgment on the pleadings. *See Jones v. Rivera*, No. 13 Civ. 1042 (NSR), 2015 WL 8362766, at *5 (S.D.N.Y. Dec. 7, 2015).

[2] When Plaintiff missed the first conference, he wrote to the Court apologizing for the mistake and explaining that his absence was due to his incarceration at that time. (*See* ECF No. 30 (indicating his intention to proceed with the case).) He has not provided any explanation for his subsequent absences.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2016

Copies mailed/faxed 12/6/2016
Chambers of Nelson S. Román, U.S.D.J.

**BACKGROUND**

I.  **Factual Background**[3]

This action concerns a verbal altercation between Plaintiff and his girlfriend while standing in the parking lot of the Mount Vernon East train station on January 7, 2013. The altercation allegedly resulted in Defendant Harris arriving on the scene, striking Plaintiff in the back multiple times—first with a nightstick or "billyclub" and then with repeated kicks "for a minute"—before arresting him, transporting him to the Mount Vernon City Jail, and placing him in a holding cell. (AC ¶ II (D).) Then, while confined in the cell the next day, Plaintiff was again purportedly assaulted by police officers when he requested to speak with his lawyer. (*Id.*) Although Plaintiff has not identified any specific officers responsible for the latter assault, he alleges he was punched on the left side of his face and kicked in the back by one or two officers, and as a result has purportedly lost vision in his left eye and suffers from bad headaches for which he takes medication. (*Id.* ¶ III.)

Plaintiff was charged with obstructing governmental administration in the second degree, resisting arrest, and disorderly conduct for obstructing traffic. (Aff. Lee B. Gorson in Supp. of Mot. to Dismiss, Ex. C, ECF No. 43.)[4] He pleaded guilty to obstructing governmental administration in the second degree in full satisfaction of the three crimes charged. (*Id.*)

---

[3] The following facts are taken from Plaintiff's Amended Complaint ("AC") (ECF No. 17) unless otherwise noted, but are only provided for background and are mostly irrelevant for the purposes of this motion.

[4] This Court took judicial notice of the disposition of the charged crimes in deciding the motion for judgment on the pleadings. *United States v. Alexander*, 123 F. App'x 444, 445 (2d Cir. 2005) (taking judicial notice of a certificate of disposition pursuant to Fed. R. Evid. 201); *Marcus v. Bush*, No. 11 Civ. 4049 (JS) (WDW), 2013 WL 2154786, at *3 (E.D.N.Y. May 17, 2013) (same). Plaintiff did not objection to the consideration of this evidence at that time. (*See generally* Pl. Aff. in Opp'n to Mot., ECF No. 41.)

## II.     Procedural History

Plaintiff filed this action on February 13, 2013 against the officers present at his arrest and during his detention. (Compl., ECF No. 2.)[5] He amended his complaint on February 18, 2014, to specifically name Sergeant Shawn Harris. (Am. Compl., ECF No. 17.)

After Defendants Rivera and Harris were served, this Court scheduled an initial pre-trial conference. (ECF No. 29.) Plaintiff did not appear, but wrote to the Court three months later and requested his absence be excused because he had been incarcerated. (ECF No. 30.) The Court rescheduled the conference, but Plaintiff proceeded to miss the rescheduled conference as well. (*See* ECF No. 31; Minute Entry for Proceedings Held on Nov. 7, 2014.)

Defendant then filed a motion for judgment on the pleadings. (ECF No. 42.) In ruling on the motion, (Opinion & Order of Dec. 7, 2015, ECF No. 50), this Court decided largely in Defendants' favor, dismissing the claims against Defendant Rivera and the John Doe Defendants,[6] but denying the motion with regard to the excessive force claims against Defendant Harris.[7] Plaintiff's claims of false arrest were dismissed based on his guilty plea to the crimes charged. (*Id.* at 8.) Additionally, Plaintiff was "reminded that it is his obligation to promptly

---

[5] "Mount Vernon Police Department" was named in the caption of Plaintiff's *pro se* complaint, though the list of defendants only included known and unknown officers. (*See* Compl. ¶ I (B).) Similarly, Plaintiff's relief sought was only directed at the officers. (*Id.* ¶ V.) Nevertheless, construing the complaint liberally, the Court dismissed any potential claims against the Mount Vernon City Police Department, since the department would be immune from suit based on the facts alleged, when it issued the Order of Service. (Order (Ramos, J.), ECF No. 7.)

[6] The John Doe defendants were dismissed without prejudice due to Plaintiff's failure to identify them when he amended his complaint. *Jones*, 2015 WL 8362766, at *4 n.1 (noting that if "Corporation Counsel has identified any of the John Doe officers but has not disclosed their identities to the Plaintiff, [then] it should do so immediately").

[7] Plaintiff sufficiently alleged personal involvement with respect to only Defendant Harris, asserting that Harris was the officer who used excessive force on Plaintiff during his arrest. (*See* AC ¶¶ II (D), IV (G).) Those allegations were accepted as true for the purposes of the motion for judgment on the pleadings, leading to the inescapable conclusion that it was not objectively reasonable for Defendant Harris, as alleged, to strike Plaintiff with a nightstick and repeatedly kick him after Plaintiff knelt down and placed his hands over his head. (AC ¶ II (D)); *Jones*, 2015 WL 8362766, at *5.

submit a written notification to the Court if his address changes, and the Court may dismiss the action if Plaintiff fails to do so." (*Id.* at 11.)[8]

At the next pre-trial conference, which Plaintiff also failed to attend, the Court referred pre-trial matters to Magistrate Judge Judith McCarthy and entered a Rule 16 Scheduling Order, which set the discovery deadline as August 4, 2016. (ECF Nos. 55 & 56; Minute Entry for Proceedings Held on Feb. 4, 2016.) Judge McCarthy scheduled a conference for April 4, 2016. (ECF No. 57.) Plaintiff did not appear at the conference. (Minute Entry for Proceedings Held on Apr. 4, 2016.) On April 21, 2016, counsel for Defendant Harris informed Judge McCarthy that all attempts to communicate with Plaintiff had failed—mail had been returned and voicemails left at the number he had provided were unreturned—frustrating the discovery process. (ECF No. 59.) Judge McCarthy indicated that the issues would be discussed at the next status conference, scheduled for May 9, 2016. (*Id.*) Plaintiff failed to appear at that conference. (Minute Entry for Proceedings Held on May 9, 2016.)

On May 25, 2016, Plaintiff filed a "motion" requesting the Court to "follow through with [the] proceedings," which also listed a new address. (ECF No. 60.) Defendant responded by requesting a pre-motion conference on a proposed motion to dismiss for failure to prosecute, given Plaintiff's failure to appear at five scheduled conferences. (ECF No. 63 (a copy of the request was sent to Plaintiff at his newly provided address).) This Court scheduled a pre-motion conference for June 17, 2016, and again Plaintiff failed to appear. (ECF No. 68; Minute Entry for Proceedings Held on June 17, 2016.) Defendant served the motion now before the Court at Plaintiff's new address on July 8, 2016. (ECF No. 75.) Plaintiff has not opposed the motion.

---

[8] Plaintiff has updated his address six times and repeatedly informed the Court that he is ready to proceed with the action, but he has taken no affirmative steps to do so. (*See, e.g.*, ECF Nos. 8 (address change), 12 (same), 13 (same), 14 ("wants to pursue his case"), 26 (address change), 48 (same), 49 ("would still like to proceed forward"), 60 (correspondence listing new address without updating prior address), 65 (official update of address).)

## STANDARD ON A MOTION TO DISMISS
## FOR FAILURE TO PROSECUTE

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with the[] [federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179 (RJS), 2011 WL 2207574, at *1 (S.D.N.Y. June 2, 2011) (quoting *Lyell Theatre Corp. et al. v. Loews Corp. et al.*, 682 F.2d 37, 43 (2d Cir. 1982)). "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Dismissal is, therefore, "a harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) ("Although not explicitly authorized by [Rule 41(b)] dismissal may be made *sua sponte*"). There are several factors that a court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "'Generally, no one factor is dispositive.'" *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (Sotomayor, J.) (quoting *Nita*, 16

5

F.3d at 485). But "district courts should be especially hesitant to dismiss for procedural deficiencies where [] the failure is by a *pro se* litigant." *Lucas*, 84 F.3d at 535.

## DISCUSSION

After Plaintiff's fifth failure to appear at scheduled conferences, Defendant requested a pre-motion conference regarding the instant motion to dismiss for failure to prosecute. Plaintiff did not appear at that conference either, and Defendant briefed the motion now before the Court.

It has been almost four years since this action was filed, and Plaintiff has failed to appear at a single court conference, either in front of the undersigned or Magistrate Judge McCarthy, during the last two and a half years. Plaintiff has made no attempt to participate in pre-trial discovery and has largely only communicated with the Court to express *his* frustration at the pace of the proceedings rather than to explain his lack of diligence in prosecuting this action. Plaintiff's repeated failure to attend, or to notify the Court of his intention to miss, the scheduled Court conferences demonstrates a pattern of neglect and disregard when it comes to prosecuting this action. *Compare Belliard v. Royal Bank of Scotland PLC*, 213 F.R.D. 144, 145 (S.D.N.Y 2003) (dismissal warranted "in light of the longstanding and repeated failures by plaintiff to diligently prosecute the case in violation of Court orders and in the face of knowledge of the potential consequences"), *with Alvarez*, 839 F.2d at 932 (dismissal unwarranted where, during "the nearly year and a half of litigation preceding her request for an extension . . . , [plaintiff] had timely complied with all requests of the court and the defendants").

At best, his lack of responsiveness might be attributable to his oft-changing address—but the Court warned him in December 2015 that failure to keep his address current might result in dismissal of this action. *Lucas*, 84 F.3d at 535 (when a plaintiff "receive[s] such a warning, it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of

discretion"); *see also Toliver v. New York City Dept. of Corrections*, 607 F. App'x 109, 110 (2d Cir. 2015) (dismissing § 1983 action for failure to prosecute where plaintiff "was clearly warned that failure to comply would result in dismissal"). Moreover, his inaction has stymied the discovery process for almost a year—and the scheduled discovery deadline has now passed. *See Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (dismissal upheld where *inter alia* "plaintiff had caused a delay of nearly six months between [] when his deposition was originally noticed [and] when he failed to appear for the final time").

Plaintiff appears unconcerned with his failings, despite the docket management strain that his actions place on the Court. In considering the appropriate sanctions to impose for his lack of diligence in this matter, the imposition of monetary or alternative sanctions under Rule 16(f) would be inconsistent with Plaintiff's *pro se* and *in forma pauperis* status. Furthermore, the Court is not convinced that alternative sanctions would address the conduct, given Plaintiff's generally superficial responses to these proceedings. *See Shannon*, 186 F.3d at 196 (court had "no reason to believe that lesser sanctions would be effective" where plaintiff responded to dismissal notice with arguments related to an unrelated order); (*see* ECF Nos. 41 (one-page response to Defendants' motion for judgment on the pleadings summarily arguing that the motion should be denied), 60-62 & 64-66 (six one-page conclusory filings arguing that the Court should find the officers "guilty of their wrongdoings" and compensate Plaintiff for his emotional distress and pain and suffering, and attempting to refer the matter to a Magistrate Judge).

Nevertheless, in light of Plaintiff's *pro se* status and even though all of the factors weigh in favor of dismissal, the Court will not dismiss the action yet. *Lucas*, 84 F.3d at 535. Each participant in a civil action plays a crucial role in the shaping the outcome of the proceedings. *See Doe v. C.I.A.*, 576 F.3d 95, 107 (2d Cir. 2009) (explaining the fundamental nature of the

adversarial process, which can "inform[] and sharpen[] the judicial inquiry" in an action and "assure[] each litigant a fair chance to explain, complain, and otherwise be heard"). A plaintiff prosecutes the action, a defendant defends, and the Court adjudicates. When a defendant fails to respond, a default judgment may be entered. Fed. R. Civ. P. 55. And, when a plaintiff abandons or neglects a cause of action, it can be dismissed for want of prosecution. Fed. R. Civ. P. 41(b).

The Court is satisfied that Plaintiff should have understood the consequences of repeatedly ignoring the scheduling orders in this matter, but out of an abundance of caution given the harshness of dismissing this action in its entirety the Court has reiterated that warning now. Therefore, Plaintiff will have 30 days to explain his failure to prosecute—but failure to respond or an inadequate explanation will result in the dismissal of this action.

## CONCLUSION

For the foregoing reasons, Defendants' motion is CONDITIONALLY GRANTED. On or before **January 9, 2017**, Plaintiff is to provide written explanation of his failures to attend the conferences scheduled this year for February 4, 2016, April 4, 2016, May 9, 2016, and June 17, 2016. If Plaintiff fails to file with the Court a sufficient explanation by that deadline, then Plaintiff's remaining claims will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) on account of Plaintiff's failure to prosecute. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 71.

Dated: December 6, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge